UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIEU THI TRUONG, et al., | No. 2:10-cv-00506-MCE-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

----oo0oo----

Presently before the Court is Plaintiffs' Ex Parte Application to Modify Pretrial Schedule and Continue Trial Dates ("Application") currently set forth in the March 29, 2012, Pretrial Scheduling Order ("PTSO") (ECF No. 30).  Plaintiffs seek primarily to continue the current deadlines for completion of non-expert discovery and filing dispositive motions.  For the following reasons, Plaintiffs' Application is GRANTED.

///
///
///

1

Once a district court has filed a PTSO pursuant to Federal Rule of Civil Procedure 16,[1] that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to a final pretrial conference, this Court may modify its status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Plaintiffs have not shown they were diligent in either prosecuting this action or in filing their instant Application. To the contrary, though this action was initiated in early 2010 by Plaintiffs' former counsel, little work was done to move the case forward over the next year and a half. To make matters worse, in August of 2011, Plaintiffs' former counsel passed away. A few months later, Plaintiffs' current counsel substituted in as attorney of record, but, due to current counsel's trial schedule, that new firm also paid little attention to this case.

///

---

[1] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

1  As a result, counsel came to this Court seeking ex parte relief
2  just one court day prior to the close of non-expert discovery.
3  Given this timeline, Plaintiffs simply cannot show the requisite
4  diligence the Court would typically require to justify modifying
5  its PTSO.
6     That being said, given the fact that Defendants took no real
7  issue with modification so long as no delay was attributed to
8  them, and given the Court's desire to resolve its cases on the
9  merits, the circumstances of this case support allowing
10 modification here.  To be clear for the record, the Court does
11 not interpret Plaintiffs' papers as faulting Defendants for any
12 relevant delay, nor, based on the record before it, does the
13 Court find fault with Defendants either.  Accordingly, to avoid
14 prejudice to Plaintiffs and to ensure the issues in this case are
15 properly adjudicated, Plaintiffs' Application (ECF No. 37) is
16 hereby GRANTED.  A Second Amended PTSO will follow.
17    IT IS SO ORDERED.
18 Dated: July 10, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3