1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11      LIEU TRUONG, et al.,                        No. 2:10-cv-00506-MCE-KJN

                          Plaintiffs,

12                                                   **ORDER**

             v.
13      SACRAMENTO COUNTY SHERIFF
        DEPARTMENT, et al.,
14
                          Defendants.
15

16

17                              ----oo0oo----

18          Presently before the Court is Plaintiffs' Ex Parte Application to Modify the

19   Amended Pretrial Scheduling Order ("Application").  (ECF No. 57.)  Plaintiffs seek this

20   modification to continue the current deadline for completion of discovery.  Pursuant to

21   the current PTSO, the deadline to complete discovery was September 28, 2012.  (ECF

22   No. 46.)  Defendants have filed an opposition to Plaintiffs' Application.  (ECF No. 62.)

23   For the reasons set forth below, Plaintiff's Application is DENIED.

24          Generally, the Court is required to enter a pretrial scheduling order within 120

25   days of the filing of the complaint.  Fed. R. Civ. P. 16(b).  The scheduling order "controls

26   the subsequent course of the action" unless modified by the Court.  Fed. R. Civ. P.

27   16(d).

28
                                              1

1   Orders entered before the final pretrial conference may be modified upon a showing of

2   "good cause."  Fed. R. Civ. P. 16(b); <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604,

3   608 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the

4   diligence of the party seeking the amendment."  <u>Johnson</u>, 975 F.2d at 609.  In explaining

5   this standard, the Ninth Circuit has stated:

6        A district court may modify the pretrial schedule "if it cannot reasonably be
     met despite the diligence of the party seeking the extension."  Moreover,

7        carelessness is not compatible with a finding of diligence and offers no
     reason for granting of relief.  Although the existence or degree of prejudice

8        to the party opposing the modification might supply additional reasons to
     deny a motion, the focus of the inquiry is upon the moving party's reasons

9        for seeking modification.  If that party was not diligent, the inquiry should
     end.

10

11   <u>Id.</u> (citations omitted).  The Ninth Circuit has further clarified why the PTSO deadlines

12   should be taken seriously:

13        In these days of heavy caseloads, trial courts in both the federal and state
     systems routinely set schedules and establish deadlines to foster the

14        efficient treatment and resolution of cases.  Those efforts will be successful
     only if the deadlines are taken seriously by the parties, and the best way to

15        encourage that is to enforce the deadlines.  Parties must understand that
     they will pay a price for failure to comply strictly with scheduling and other

16        orders, and that failure to do so may properly support severe sanctions and
     exclusions of evidence.

17

18   <u>Wong v. Regents of Univ. of Cal.</u>, 410 F.3d 1052, 1060 (9th Cir. 2005).  "[R]ules are

19   rules - and the parties must play by them."  <u>Singh v. Arrow Truck Sales, Inc.</u>, 2006 WL

20   1867540, at *2 (E.D. Cal. July 5, 2006).

21        This is Plaintiff's second ex parte application seeking a PTSO modification.  On

22   June 22, 2012, Plaintiffs filed their first request to modify the PTSO seeking the

23   continuation of the deadlines for completion of non-expert discovery and filing dispositive

24   motions.  (ECF No. 30.)  At that time, Plaintiffs sought to extend non-expert discovery

25   from June 25, 2012 to August 27, 2012.  Although the Court granted Plaintiffs' first

26   ex parte application, it specifically found that Plaintiffs had not been diligent "in either

27   prosecuting this action or in filing their . . . Application."  (ECF No. 44, at 2.)

28   ///

1   The Court noted that Plaintiffs' counsel had done "little work . . . to move the case

2   forward" since filing the complaint in March of 2010.  (ECF No. 44, at 2.)  The Court also

3   emphasized that Plaintiffs' filing their ex parte application "just one court day prior to the

4   close of non-expert discovery" contributed to the finding of Plaintiffs' lack of the requisite

5   diligence.  (ECF No. 44 at 3.)  However, despite Plaintiffs' lack of diligence, the Court

6   granted Plaintiffs' first ex parte application to modify the PTSO "to avoid prejudice to

7   Plaintiffs" and because Defendants "took no real issue with modification."  (ECF No. 44,

8   at 3.)  The Court set the discovery cut-off date for September 28, 2012, thus providing

9   Plaintiffs with one month more than they requested to complete discovery.  (ECF

10   Nos.  44, 46.)

11         On October 5, 2012, a week after the discovery cut-off date, Plaintiffs filed the

12   instant Application seeking (again) to extend the discovery deadline.[1]  (ECF No. 57.)

13   Plaintiffs argue that they cannot meet the discovery deadline set by the current PTSO

14   because "Defendants reneged on a prior agreement to allow the depositions, leaving

15   insufficient time to obtain an order compelling the depositions and to complete discovery

16   before fact discovery cut-off."  (ECF No. 57, at 1.)

17   ///

18   ///

19   ///

20

21         [1] Prior to filing the instant ex parte Application, Plaintiffs noticed a Motion to Compel Depositions and Expand Discovery before the assigned Magistrate Judge. (ECF No. 47).  On September 21, 2012, Magistrate Judge Newman denied Plaintiffs'

22   Motion on the ground that the relief requested by Plaintiffs "would be inconsistent with the current non-expert discovery deadline set by the district judge." (ECF No. 50, at

23   1-2.)  The Magistrate Judge explicitly advised Plaintiffs that, in light of the September 28,

24   2012 discovery cutoff date, Plaintiffs "must first seek leave from the district judge to modify the [PTSO]." (ECF No. 50, at 2.)  Despite this specific instruction, Plaintiffs failed

25   to seek a PTSO modification prior to the discovery cutoff date.  Instead, on October 2, 2012, Plaintiffs refiled the same Motion to Compel Depositions and Expand Discovery

26   renoticing it before the undersigned District Judge. (ECF No. 51.)  Plaintiffs were again instructed to "notice and file a motion seeking relief from the pretrial scheduling order

27   before the district judge." (ECF No. 56.)  Finally, on October 5, 2012, a week after the

28   discovery cutoff date, Plaintiffs filed the instant ex parte Application. (ECF No. 57.)

1    Defendants allegedly "stipulated" to Plaintiffs taking more than ten depositions, as

2    allowed under Rule 30(a)(2), but "unilaterally rescinded" that stipulation "on the eve of

3    the tenth deposition" and raised for the first time the argument that Rule 30(a)(2)

4    requires the parties to prepare a written agreement and submit it to the court for prior

5    approval before the ten deposition limit can be exceeded."  (ECF No. 57, at 2, 4.)

6    According to Plaintiffs, Defendants "stipulated" to additional depositions by consenting to

7    and assisting in scheduling the depositions in excess of Rule 30's limit and by not

8    objecting to Plaintiffs scheduling more than ten depositions.  (ECF No. 57, at 4.)

9    Defendants respond that the parties never stipulated to exceeding Rule 30's limit on the

10   number of depositions, and that Defendants had the right to object when Plaintiffs

11   reached that limit.  (ECF No. 62, at 4.)

12         Rule 30(a)(2) allows parties to take up to ten depositions unless they enter into a

13   stipulation or obtain leave of court to take more.  Local Rule 143 requires all parties'

14   stipulations to be in writing and approved by the Court to be enforceable.  Here, Plaintiffs

15   have neither obtained a written stipulation nor obtained the required leave of court.

16   Contrary to Plaintiffs' argument, Defendants' counsel does not have a duty to educate

17   Plaintiffs' counsel on the federal and local procedural requirements.  Defendants had a

18   right to object when, on August 27, 2012, Plaintiffs reached the limit on the number of

19   depositions allowed under Rule 30(a)(2).[2]  (See ECF No. 57, at 4.)  As a party seeking to

20   exceed the established limit, Plaintiffs had a duty to seek an appropriate court order.

21   Plaintiffs have failed to do so.

22         Furthermore, the breadth and scope of the discovery that Plaintiffs served on

23   Defendants one month before the discovery cut-off date also demonstrate Plaintiffs' lack

24   of diligence.

25

26         [2] Additionally, as Defendants correctly point out, Defendants had no way of
27   knowing how many depositions Plaintiffs will actually conduct because Plaintiffs had
     previously noticed depositions of third party witnesses that did not take place.  (ECF No.
28   62, at 4.)

4

1   On August 20, 2012, Plaintiffs noticed a deposition of Defendant's person(s) most

2   knowledgeable ("PMK") under Rule 30(b)(6), which identified eighty-four categories of

3   the matters subject to examination.  (ECF No. 62, at 5; Ex. 11 ¶ 7.)  The deposition

4   notice was accompanied by eighty-four requests for production of documents, one set of

5   interrogatories and one set of requests for admissions.  (Id., Ex. 11 ¶¶ 7-8.)  Plaintiffs

6   noticed those depositions for September 4, 2012, thus providing Defendants with only

7   nine business days to identify the person most knowledgeable on the eighty-four

8   identified subject matters, to prepare for the depositions, to respond to eighty-four

9   requests for production of documents, a set of interrogatories and a set of requests for

10  admissions.  Taking into consideration that the defense counsel was scheduled for

11  deposition preparation meetings or for depositions on eight out of those nine days, (see

12  ECF No. 62, at 8-9), it is difficult to conceive how Defendants could adequately respond

13  to Plaintiffs' discovery requests within the time allotted.  As this Court has previously

14  explained, "when a deposition notice . . . is accompanied by a production request, a

15  minimum of 30 days' notice is required."  Van Scoy v. New Albertson's Inc., 2011 WL

16  1079914, at *4 n. 4 (E.D. Cal. March 21, 2011) (citing Fed. R. Civ. P. 34(b)(2)(a)).  Not

17  surprisingly, Defendants objected to Plaintiffs' PMK notice.  (ECF No. 62, at 9.)

18          In addition to leaving the PMK deposition(s) for the end of the discovery period,

19  Plaintiffs also attempted to depose numerous key witnesses within the last month before

20  the discovery cut-off.  (ECF No. 62, at 8.)  Plaintiffs have provided no explanation why

21  they delayed in taking the PMK deposition(s) and other requested depositions until so

22  late in the discovery process.  By leaving the bulk of their discovery for the end of the

23  discovery period, Plaintiffs have assumed the risk of not being able to resolve any

24  disputes relative to the requested depositions through court intervention.

25          Nor do Plaintiffs explain why they did not seek relief prior to the discovery cut-off

26  date when they recognized that Defendants had not stipulated to exceeding Rule 30's

27  limits and when the parties could not reach an agreement with respect to the breadth

28  and scope of the discovery.

1    In its previous Order granting Plaintiff's Application to Modify the PTSO, the Court

2    explained that "seeking ex parte relief just one day prior to the close of non-expert

3    discovery" does not establish diligence.  (ECF No. 44, at 3.)  Thus, Plaintiffs were on

4    notice that, in order to establish diligence, a party requesting a PTSO modification must

5    do so in advance of the established discovery deadlines.  By filing their Application a

6    week after the close of the discovery, Plaintiffs have demonstrated their lack of diligence

7    required to justify modifying the Court's PTSO.

8          This Court previously granted Plaintiffs' first ex parte application to modify the

9    PTSO despite Plaintiffs' failure to demonstrate the requisite diligence.  To do it again

10   would impermissibly undermine the importance of court-ordered deadlines and the timely

11   disposition of pending cases.  Such a development would "undermine the court's ability

12   to control its docket, disrupt the agreed-upon course of the litigation, and reward the

13   indolent and the cavalier."  See Johnson, 975 F.2d at 610.  Because Plaintiffs have not

14   demonstrated the reasonable diligence required for the Court to find good cause to

15   modify the PTSO and to reopen discovery, Plaintiffs' Application is DENIED.

16         IT IS SO ORDERED.
     Dated:  November 15, 2012

17

18   _____
     MORRISON C. ENGLAND, JR

19   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28