1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   LIEU THI TRUONG, et. al,                 No.  2:10-cv-00506-MCE-AC

12                    Plaintiffs,

13        v.                                   **ORDER**

14   SACRAMENTO COUNTY SHERIFF
     DEPARTMENT, et. al,
15
                      Defendants.
16

17
          On June 27, 2014, the Court vacated the August 18, 2014 jury trial for the
18
     reasons stated on the record.  The trial is CONTINUED to **January 12, 2015**, at
19
     **9:00 a.m.** in Courtroom 7.  The Court is in receipt of the parties' Trial Briefs (ECF Nos.
20
     86, 89), Joint Pretrial Statement (ECF No. 83), Motions in Limine (ECF Nos. 82, 84), and
21
     Supplemental Briefing (ECF Nos. 94, 95).
22
          Accordingly, the 8/14/2014 Final Pretrial Conference is VACATED and
23
     CONTINUED to **December 4, 2014**, at **2:00 p.m.** in Courtroom 7.  An Amended Joint
24
     Final Pretrial Statement is due not later than **November 6, 2014** and shall comply with
25
     the procedures outlined in the Court's Pretrial Scheduling Order.  The personal
26
     appearances of the trial attorneys or person(s) in pro se is mandatory for the Final
27
     Pretrial Conference.  Telephonic appearances for this hearing are not permitted.
28
                                           1

1    The Court will hear argument on the parties' pending Motions in Limine, ECF Nos.

2    82, 84, and on the issue of standing as it relates to Plaintiff Lieu Thi Truong and the

3    Decedents' Plaintiff siblings at the Final Pretrial Conference.  <u>See</u> ECF No. 93.  Not later

4    than fourteen (14) days prior to the final pretrial conference, the parties are directed to

5    file amended Trial Briefs, not to exceed ten (10) pages, informing the Court of the status

6    of: (1) the issue of Plaintiff Lieu Thi Truong's standing, including, but not limited to,

7    compliance with California Code of Civil Procedure § 377.32 and the determination of

8    her right to proceed; (2) the status of the Decedents' Plaintiff siblings as it relates to the

9    issue of their standing in this matter; and (3) the effect of the Plaintiffs' standing, if any,

10   on Plaintiffs' claims, the number of witnesses, and disputed issues at trial. The parties

11   are directed to attach an amended witness list to their filing.

12   The parties are cautioned that, if after hearing argument on the issue of Plaintiffs'

13   standing, including, but not limited to, Plaintiff Lieu Thi Truong's compliance with

14   California Code of Civil Procedure § 377.32 and the determination of her right to

15   proceed, the Court determines that this matter is not ready for trial, the trial date may be

16   continued.  To the extent that the parties resolve any disputes relating to the standing of

17   any or all of the Plaintiffs at any point prior to the Final Pretrial Conference, they may file

18   a stipulation and proposed order as set forth in the Local Rules.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    Finally, due to the Court's high civil caseload, the parties are encouraged to

2   consider consenting to a jury or nonjury trial before the assigned Magistrate Judge[1] as

3   well as availing themselves of the Court's Alternative Dispute Resolution programs.[2]

4   See E.D. Cal. Local Rs. 171, 301.

5    IT IS SO ORDERED.

6   DATED:  July 8, 2014

7

8                                                  _____
                                                   MORRISON C. ENGLAND, JR. CHIEF JUDGE
9                                                  UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

_____

18        [1] The Eastern District of California has for years been one of the busiest District Courts in the
nation. The parties are reminded that pursuant to Federal Rule of Civil Procedure 73 and Local Rule 301,
19   the parties may consent to a jury or nonjury trial before the assigned Magistrate Judge.  As a result of the
Court's high civil case load and the statutory right to a speedy trial in criminal cases, the parties are
20   encouraged to consider the advantages of consenting to Magistrate Judge jurisdiction.  Magistrate Judges
can assign civil litigants a trial date much sooner and with more certainty than District Court Judges.  In
21   addition, since Magistrate Judges do not try felony cases, a trial date assigned by one can be considered
a firm date which will not be preempted by a criminal case.  Exercise of this jurisdiction by a Magistrate
22   Judge is however, permitted only if all parties file a voluntarily consent form.  Parties may, without adverse
substantive consequences, withhold their consent, but this will prevent the Court's case dispositive
23   jurisdiction from being exercised by a Magistrate Judge.

24        [2] The Court may, at the election of all the parties, refer certain actions to the Voluntary Dispute
Resolution Program ("VDRP").  If the parties believe that participation in a mediation and/or a settlement
25   conference with a Magistrate Judge would be beneficial, they are encouraged to contact the Court's
Alternative Dispute Resolution (ADR) Division, in writing, at the address or email address below: ADR
26   Division, Attention: Sujean Park, U.S. District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814,
email: spark@caed.uscourts.gov.  Alternatively, the parties may request referral to the VDRP by filing a
27   Stipulation and Proposed Order reflecting the agreement of all parties to submit the action to the VDRP
pursuant to Local Rule 271.  Should the parties reach a settlement or otherwise resolve their case by
28   agreement of the parties, they are reminded that it is the duty of counsel to immediately file a notice of
settlement or resolution as set forth in Local Rule 160.

3