UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LIEU TRUONG,

          Plaintiffs,

    v.

SACRAMENTO COUNTY SHERIFF
DEPARTMENT,

          Defendants.

No.  2:10-cv-00506-MCE-AC

**ORDER CONTINUING TRIAL**

YOU ARE HEREBY NOTIFIED the January 12, 2015, jury trial is vacated and continued to **February 23, 2015**, at **9:00 a.m.** in Courtroom 7.  Accordingly, the December 4, 2014 Final Pretrial Conference is vacated and continued to **January 8, 2015**, at **2:00 p.m.** in Courtroom 7.  The personal appearances of the trial attorneys or person(s) in pro se is mandatory for the Final Pretrial Conference.  Telephonic appearances for this hearing are not permitted.

The Court is in receipt of the parties' Trial Briefs (ECF Nos. 86, 89), Amended Joint Pretrial Statement (ECF No. 98), Motions in Limine (ECF Nos. 82, 84, 99), and Supplemental Briefing (ECF Nos. 94, 95).  The Court will hear argument on the parties' pending Motions in Limine and on the issue of standing as it relates to Plaintiff Lieu Thi Truong and the Decedents' Plaintiff siblings at the Final Pretrial Conference.  Not later

1  than fourteen (14) days prior to the Final Pretrial Conference, the parties are directed to

2  file amended Trial Briefs, not to exceed ten (10) pages, informing the Court of the status

3  of: (1) the issue of Plaintiff Lieu Thi Truong's standing, including, but not limited to,

4  compliance with California Code of Civil Procedure section 377.32 and the determination

5  of her right to proceed; (2) the status of Decedents' Plaintiff siblings as it relates to the

6  issue of their standing in this matter; and (3) the effect of the Plaintiffs' standing, if any,

7  on Plaintiffs' claims, the number of witnesses, and disputed issues at trial.  The parties

8  are directed to attach an amended witness list to their filing.

9       The parties are cautioned that the Court may determine that this matter is not

10  ready for trial after hearing argument on the issue of Plaintiffs' standing (including, but

11  not limited to, Plaintiff Lieu Thi Truong's compliance with California Code of Civil

12  Procedure section 377.32 and the determination of her right to proceed).  In which case,

13  the trial date may be continued.  To the extent that the parties resolve any disputed

14  issues relating to the standing of any or all of the Plaintiffs at any point prior to the Final

15  Pretrial Conference, they may file a stipulation and proposed order as set forth in the

16  Local Rules.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    Finally, due to the Court's high civil caseload, the parties are encouraged to

2    consider consenting to a jury or nonjury trial before the assigned Magistrate Judge[1] as

3    well as availing themselves of the Court's Alternative Dispute Resolution programs.[2]

4    See E.D. Cal. Local Rs. 171, 301.

5    IT IS SO ORDERED.

6    DATED:  November 17, 2014

7

8    _____

9    MORRISON C. ENGLAND, JR. CHIEF JUDGE
     UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

_____

18    [1] The Eastern District of California has for years been one of the busiest District Courts in the
19    nation. The parties are reminded that pursuant to Federal Rule of Civil Procedure 73 and Local Rule 301,
      the parties may consent to a jury or nonjury trial before the assigned Magistrate Judge.  As a result of the
20    Court's high civil case load and the statutory right to a speedy trial in criminal cases, the parties are
      encouraged to consider the advantages of consenting to Magistrate Judge jurisdiction.  Magistrate Judges
21    can assign civil litigants a trial date much sooner and with more certainty than District Court Judges.  In
      addition, since Magistrate Judges do not try felony cases, a trial date assigned by one can be considered
22    a firm date which will not be preempted by a criminal case.  Exercise of this jurisdiction by a Magistrate
      Judge is however, permitted only if all parties file a voluntarily consent form.  Parties may, without adverse
23    substantive consequences, withhold their consent, but this will prevent the Court's case dispositive
      jurisdiction from being exercised by a Magistrate Judge.

24    [2] The Court may, at the election of all the parties, refer certain actions to the Voluntary Dispute
      Resolution Program ("VDRP").  If the parties believe that participation in a mediation and/or a settlement
25    conference with a Magistrate Judge would be beneficial, they are encouraged to contact the Court's
      Alternative Dispute Resolution (ADR) Division, in writing, at the address or email address below: ADR
26    Division, Attention: Sujean Park, U.S. District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814,
      email: spark@caed.uscourts.gov.  Alternatively, the parties may request referral to the VDRP by filing a
27    Stipulation and Proposed Order reflecting the agreement of all parties to submit the action to the VDRP
      pursuant to Local Rule 271.  Should the parties reach a settlement or otherwise resolve their case by
28    agreement of the parties, they are reminded that it is the duty of counsel to immediately file a notice of
      settlement or resolution as set forth in Local Rule 160.

3