UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIEU THI TRUONG, et al., | No. 2:10-cv-00506 MCE-AC |
| Plaintiffs, | |
| v. | FINAL PRETRIAL ORDER |
| COUNTY OF SACRAMENTO, et al., | TRIAL DATE: July 20, 2015 |
| Defendants. | TIME: 9:00 a.m. |

Pursuant to Court Order, a Final Pretrial Conference was held on January 8, 2015. Frederick Geonetta and Lyndon Chee appeared as counsel for Plaintiffs. Amanda McDermott and Peter Zilaff appeared as counsel for Defendants. After hearing, the Court makes the following findings and orders:

I.  JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. sections 1331 and 1343 and 1367. Jurisdiction and venue are not contested.

II.  JURY

Both parties timely demanded a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

///

///

1

III.     UNDISPUTED FACTUAL ISSUES

1. Jack Truong and his mother Lieu Truong lived in apartment 125 at the Sun Valley Apartments at 4719 50th Avenue in Sacramento.

2. On December 8, 2009, a 911 call was made to the Sheriff's Department by Jack Truong complaining about problems with his roommate, later determined to be his mother, Lieu Truong. Jack was polite during the call and was not shouting or threatening.

3. The call came in at approximately 8:57 a.m.

4. The call was listed as a Code 415, or argument between roommates.

5. Sgt. Jon Zwolinski was dispatched to the call approximately one and a half hours after the 911 call was first made.

6. There were no follow-up 911 calls to the original report by Jack Truong before Sgt. Zwolinski made contact.

7. Sgt. Zwolinski drove to the property and arrived at approximately 10:31 a.m.

8. Sgt. Zwolinski knew before he arrived at the Sun Valley Apartments that the person who made the call had a prior P.C. §69 charge.

9. Sgt. Zwolinski went to the Sun Valley Apartments alone.

10. Sgt. Zwolinski walked the perimeter of Jack Truong's apartment before making contact with Jack Truong.

11. Sgt. Zwolinski did not hear any raised voices or signs of an active argument.

12. Sgt. Zwolinski knocked on the apartment door and Jack Truong answered.

13. Jack Truong was wearing shorts and no shirt, but holding an orange shirt in his hand.

14. Sgt. Zwolinski was dressed in Sheriff's uniform.

///
///

15. After a conversation about the eviction process, Sgt. Zwolinski asked Jack Truong whether his roommate was present and Jack Truong responded that she was in the bedroom.

16. Lieu Truong did not appear during the conversation between Sgt. Zwolinski and Jack Truong.

17. Sgt. Zwolinski asked Jack Truong to exit the apartment so he could check on the roommate and Jack Truong complied.

18. Sgt. Zwolinski stepped inside the apartment.

19. When Sgt. Zwolinski stepped into the apartment, Jack Truong screamed at Sgt. Zwolinski to get out of his house

20. Sgt. Zwolinski radioed for Code 3 cover to receive backup.

21. Sgt. Zwolinski pulled his service pistol and pointed the weapon at Jack Truong.

22. While holding his service pistol in one hand, Sgt. Zwolinski used his pepper spray on Jack Truong.

23. Sgt. Zwolinski fired his weapon three times, striking Jack Truong with all three rounds.

24. Jack Truong died at the scene.

25. Sgt. Zwolinski was escorted by Sheriff's deputies away from the scene.

26. Sgt. Zwolinski did not speak with Lieu Truong.

27. Sgt. Zwolinski did not touch Lieu Truong.

28. Sgt. Zwolinski did not point his service pistol at Lieu Truong.

29. Sgt. Zwolinski was a member of the Sacramento Sheriff's Department and acted in the course and scope of his duties as a law enforcement officer.

30. At all relevant times, Sgt. Zwolinski was acting under the color of law.

31. Lieu Truong is the natural mother of decedent, Jack Truong.

32. Phuong Truong, Det Truong, Ton Truong and Bieu Truong are siblings of decedent, Jack Truong.

33. At all relevant times, Sacramento County had in force policies and procedures regarding the use of force.

34. At all relevant times, Sacramento County had in place POST certified training programs to train its deputies regarding POST approved methods for arrest control and defensive tactics, including the use of force.

IV. <u>DISPUTED FACTUAL ISSUES</u>

The remaining claims for trial are:

1. Whether Sgt. Zwolinski was negligent, and whether his negligence resulted in the shooting death of Jack Truong.

2. Whether or not Sgt. Zwolinski used unreasonable force in violation of Jack Truong's Fourth Amendment rights.

3. Whether Sgt. Zwolinski was adequately trained in dealing with persons with mental illness.

4. Whether or not the County's policies regarding use of force are constitutionally deficient.

5. Whether or not Plaintiff is entitled to compensatory damages.

6. Whether or not Plaintiff is entitled to an award of punitive damages against Sgt. Zwolinski.

7. Whether or not Sgt. Zwolinski is entitled to discretionary immunity.

8. Whether or not Sgt. Zwolinski is entitled to qualified immunity.

**Plaintiff's Disputed Factual Issues**

9. Whether Sgt. Zwolinski's initial, unconsented to entrance into the apartment violated the residents' Fourth Amendment rights.

10. Whether Sgt. Zwolinski's conduct intentionally or recklessly provoked a confrontation with Jack Truong which made force, including deadly force, necessary.

11. Whether it was reasonable for Sgt. Zwolinski to go to the Truong apartment by himself.

///

12. Whether Sgt. Zwolinski was negligent with respect to his tactical conduct and decisions.

13. Whether or not Jack Truong violated the penal code or any other offense.

14. Whether by violating Jack Truong's Fourth Amendment rights, and by his conduct in handling the call, Sgt. Zwolinski unnecessarily provoked the confrontation with Jack Truong.

15. Whether or not Jack Truong took Sgt. Zwolinski's baton.

16. Whether or not Jack Truong struck and/or threatened to strike Sgt. Zwolinski with his hands and/or with a baton.

17. Whether or not Sgt. Zwolinski acted in self-defense.

18. Whether or not Sgt. Zwolinski was justified in using lethal force.

All issues of fact remaining in dispute are subject to proof at the time of trial.

V.  **WITNESSES**

Plaintiffs anticipate calling the witnesses listed on Attachment "A".

Defendants anticipate calling the witnesses listed on Attachment "B".

Each party may call a witness designated by the other.

A. No other witnesses will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or

(2) The witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in "B" below.

B. Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to pretrial;

   (2) The Court and opposing counsel were promptly notified upon discovery of the witnesses;

   (3) If time permitted, counsel proffered the witnesses for deposition;

   (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

## VI. EXHIBITS - SCHEDULES AND SUMMARIES

At present, Plaintiffs contemplate by way of exhibits those listed on Attachment "C".

At present, Defendants contemplate by way of exhibits those listed on Attachment "D".

**Plaintiffs' exhibits shall be listed numerically.   Defendants' exhibits shall be listed alphabetically.**  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office:  pink for Plaintiffs and blue for Defendants.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)" to reduce confusion during the trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.  In the event that Plaintiffs and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

 A. No other exhibits will be permitted to be introduced unless:

   (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or

///

    (2) The exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B", below.

  B. Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

    (1) The exhibits could not reasonably have been discovered prior to pretrial;

    (2) The Court and counsel were promptly informed of their existence;

    (3) Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

  C. As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) by **July 6, 2015**. The attorney or representative for each party is directed to present the original and two (2) copies of the exhibit(s) and exhibit list to the Court Clerk's Office, no later than **3:00 p.m., July 6, 2015**, or at such earlier time as may be ordered by the Court. **NO EXCEPTIONS.**

  D. **The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.**

VII. <u>DISCOVERY DOCUMENTS</u>

  A. <u>Filing Depositions</u>. It is the duty of counsel to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court. In addition, two unmarked copies of the transcripts must be delivered to the Court Clerk's Office. Counsel are cautioned that a failure to discharge this duty may result in the Court

///

precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

      B.      Use of Depositions.  The parties are ordered to file with the Court and exchange between themselves by **July 6, 2015** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

      C.      Interrogatories.  The parties are ordered to file with the Court and exchange between themselves by **July 6, 2015** the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

VIII.    FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference.  That Order is confirmed.  The parties are free to engage in informal agreements regarding discovery and law and motion matters.  However, any such agreements will not be enforceable in this Court.

IX.    AGREED STATEMENTS - JOINT STATEMENT OF CASE

It is mandatory the parties shall file a short, jointly-prepared statement concerning the nature of this case that will be read to the jury at the commencement of trial (**NO EXCEPTIONS**).  The joint statement of the case shall include in plain concise language the claims of Plaintiffs and claims of other parties, if any, and the corresponding Defendants to the claims.  The purpose of the joint statement of the case is to inform the jury at the outset, what the case is about.  The statement must be filed with the Court by **July 6, 2015**.

X.    PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM

      A.      Jury instructions

Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury instructions.  Counsel shall use the Ninth Circuit Model Jury Instructions

1 and any revisions.  Alternate instruction or authority may only be used if a Ninth Circuit
2 Model Jury Instruction is unavailable.  Attached for counsel's review are the opening and
3 closing instructions for your use.  The joint set of instructions must be filed by **July 6,**
4 **2015** and shall be identified as the "Jury Instructions Without Objection."

5       All instructions shall be, to the extent possible, concise, understandable, and free
6 from argument.  See Local Rule 163(c).  Parties shall also note that any modifications of
7 instructions from statutory authority, case law or from any form of pattern instructions
8 must specifically state the modification by underlining additions and bracketing deletions.

9       B.     <u>Verdict Form</u>

10       The parties must file a joint verdict form(s) concurrently with proposed jury
11 instructions by **July 6, 2015**.  If necessary, a special verdict or interrogatories shall be
12 included for all factual disputes submitted to the jury that must be resolved before
13 questions of law can be decided, and for any other issue on which specific responses
14 are desired.  See Local Rule 163(e).

15       C.     <u>Voir Dire</u>

16       The parties shall submit proposed voir dire questions to the Court.  The Court
17 reserves the right to conduct all examination of prospective jurors.  Notwithstanding this
18 reservation, the Court will permit each side up to ten (10) minutes to conduct voir dire, if
19 desired.  The voir dire questions shall be filed with the Court by **July 6, 2015** .

20       D.     <u>Submission of Documents to the Court</u>

21       At the time of filing their respective proposed jury instructions, verdict form(s), and
22 voir dire questions, counsel shall also electronically mail to the Court in digital format and
23 compatible with Microsoft Word, the proposed jury instructions and verdict form(s).
24 **These documents should be sent to mceorders@caed.uscourts.gov.**
25 ///
26 ///
27 ///
28 ///

9

XI. <u>AUDIO/VISUAL EQUIPMENT</u>

The parties are required to **file electronically** a joint request to the Courtroom Deputy Clerk, Stephanie Deutsch, by **June 29, 2015** if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence.  There will be one date and time for such orientation.

XII. <u>DATE AND LENGTH OF TRIAL</u>

A trial is scheduled for **July 20, 2015** .  The estimated length of trial is **six (6) days.**  The trial will consist of **eight (8) jurors.**  Counsel are to email Stephanie Deutsch, Courtroom Deputy Clerk, at mceorders@caed.uscourts.gov, or call at (916) 930-4207, by **July 6, 2015** to ascertain the status of the trial date.

The Court will permit each side up to one (1) hour for closing arguments.  Plaintiffs will be permitted to reserve time for rebuttal purposes but will be required to monitor any time so reserved.

XIII. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted five (5) court days from the date of this Final Pretrial Order to object to any part of the order or to request augmentation to it.  A Final Pretrial Order will be modified only upon a showing of manifest injustice.  If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:  January 27, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT